IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DEANNA KAY SIMON KIDWELL,<br><br>Plaintiff,<br><br>vs.<br><br>PUBLIC DEFENDER COURT ORDERED MATT MCKITTRICK,<br><br>Defendant. | CV 14-00092-GF-BMM-RKS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Deanna Kay Simon Kidwell filed a Motion to Proceed in Forma Pauperis (Doc. 1) and proposed Complaint (Doc. 2). Ms. Simon Kidwell is being held at the Montana State Hospital in Warm Springs, Montana. She is proceeding without counsel.

A court may authorize a person who is unable to pay the costs of suit to proceed in forma pauperis. *Franklin v. Murphy*, 745 F.2d 1221, 1226 (9th Cir. 1984) (citing 28 U.S.C. § 1915(a)). Leave to proceed in forma pauperis should be

1

granted if the affidavit sufficiently indicates the affiant cannot pay court costs and still provide the necessities of life for herself and her family. *Adkins v. E. I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

Ms. Simon Kidwell alleges her public defender violated her rights during his representation of her in criminal proceedings. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). In *Polk County v. Dodson,* 454 U.S. 312 (1981), the United States Supreme Court held that public defenders do not act "under color of state law" when performing traditional lawyer duties. *See also Miranda v. Clark County,* 319 F.3d 465, 468 (9th Cir. 2003) (en banc). Even if Ms. Simon Kidwell could prove Mr. McKittrick somehow violated her rights under the United States Constitution, she cannot state a federal claim for damages against Mr. McKittrick because Mr. McKittrick is not a state actor. All federal claims against Mr. McKittrick are frivolous. Given that it appears from the face of the proposed

Complaint that this action is frivolous, the motion to proceed in forma pauperis should be denied. *Tripati*, 821 F.2d at 1370.

Ms. Simon Kidwell has also filed a motion to appoint counsel. A judge may only request counsel for an indigent plaintiff under "exceptional circumstances." 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

> A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before reaching a decision.

*Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations omitted). In light of the finding that Ms. Simon Kidwell's claims are frivolous, the motion for appointment of counsel will be denied.

Ms. Simon Kidwell is not entitled to a ten-day period to object. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

**It is ORDERED:**

Ms. Simon Kidwell's Motion for Counsel (Doc. 3) is **DENIED**.

**It is RECOMMENDED:**

Ms. Simon Kidwell's Motion to Proceed in Forma Pauperis (Doc. 1) should be **DENIED** and this matter **DISMISSED**. The Clerk of Court should be directed

to terminate all pending motions, close the case, and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of December, 2014.

       /s/ Keith Strong
Keith Strong
United States Magistrate Judge